**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER DENYING EN BANC RECONSIDERATION AS UNTIMELY

Appellate case name:  The State of Texas v. SignAd Ltd., f/k/a SignAd, Inc.

Appellate case number: 01-20-00715-CV

Trial court case number: 18CV-5774

Trial court:     County Court at Law of Austin County

 

After seeking and receiving two extensions, Appellee SignAd Ltd. filed a motion for rehearing on September 2, 2022, which this Court denied on September 15, 2022. SignAd then filed a motion for an extension of time to file a motion for en banc reconsideration on September 19, 2022, in which SignAd sought an extension from the ostensible deadline of September 30 until October 14. The Court denied that motion as untimely on September 29, 2022. The following day, SignAd filed a motion for en banc reconsideration, which we now address.

The panel denied as untimely SignAd's September 19, 2022 motion for an extension of time to file a motion for en banc reconsideration because SignAd's request for an extension was based on the mistaken premise that it had 15 days to seek en banc reconsideration after the panel denied its motion for rehearing. While under a prior version of the rules parties could seek rehearing and then en banc reconsideration seriatim, this is no longer true under the current rules. As the Court explained in its September 29, 2022 order:

> Appellee SignAd Ltd.'s deadline for filing a motion for rehearing was September 2, 2022. SignAd timely filed a motion for rehearing, which the court denied on September 15, 2022.

> SignAd has since moved for an extension of time in which to file a motion for en banc reconsideration, requesting that we grant an extension from the ostensible deadline of September 30, 2022 until October 14, 2022.

But any motion for en banc reconsideration was due on September 2, 2022. *See* TEX. R. APP. P. 49.5 (motion seeking en banc reconsideration "must be filed within the time prescribed by Rule 49.1 for filing a motion for rehearing"); *see also* TEX. R. APP. P. 49.1 (motion for rehearing "may be filed within 15 days after the court of appeals' judgment or order is rendered"). And SignAd has offered no explanation as to why it failed to seek en banc reconsideration by the September 2, 2022 deadline.

SignAd's motion is therefore DENIED as untimely.

In its pending motion for en banc reconsideration, SignAd continues to maintain that it can timely seek en banc reconsideration within 15 days of the denial of its motion for rehearing. SignAd posits that a motion for en banc reconsideration is merely a means of reconsidering an order denying rehearing, and thus may be filed within 15 days of any order denying rehearing.

SignAd is mistaken. A motion for en banc reconsideration is an attempt to revisit the panel's opinion or judgment under a different legal standard than the one that applies to motions for rehearing, not an attempt to review any order the panel may have made denying rehearing. *See* TEX. R. APP. P. 41.2(c) (stating distinct standard for en banc review of case); *see also* TEX. R. APP. P. 49.5 (stating that en banc review may be sought with or without seeking rehearing, that any motion for reconsideration is due when motion for rehearing is due, and that panel's judgment does not become final if en banc reconsideration is granted so that full court may reconsider case); *Brookshire Bros. v. Smith*, 176 S.W.3d 30, 40–41 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (observing that motions for rehearing and en banc reconsideration serve different purposes, with former being directed to convincing panel to change its decision because it is erroneous for some reason, while latter is limited to grounds stated in Rule 41.2(c)).

The decision SignAd cites in support of its contrary position—*Skeels v. Suder*, No. 02-18-00112-CV, 2021 WL 4785782 (Tex. App.—Fort Worth Oct. 14, 2021, pet. filed) (mem. op.)—materially differs from this one. As SignAd acknowledges in its description of *Skeels*, in that case one of the parties filed a further motion for rehearing and en banc reconsideration after the panel had already heard a prior motion for rehearing and modified its opinion and judgment. *Id.* at *1. Our appellate rules expressly provide for further motions for rehearing and en banc reconsideration under the circumstances that existed in *Skeel*. *See* TEX. R. APP. P. 49.4 (further motion for rehearing may be filed within 15 days of court's action on motion for rehearing if court modifies prior judgment it rendered, vacates prior judgment it rendered and renders new one, or issues different opinion); TEX. R. APP. P. 49.6 (stating same with respect to further motions for en banc reconsideration). But when our Court denied SignAd's motion for rehearing, the Court

did not modify its judgment, vacate its judgment and render a new one, or issue a different opinion. *Skeels* therefore is inapposite.

In sum, under the current rules, "[a] motion for en banc reconsideration must be filed by the deadline for filing an initial motion for rehearing under subdivision 49.1." TEX. R. APP. P. 49.5 cmt. SignAd did not do so.

SignAd's motion for en banc reconsideration is therefore DENIED as untimely.

Justice's signature:   /s/ Gordon Goodman
                       Acting for the Court

En banc court consists of Chief Justice Radack, Justices Kelly, Goodman, Landau, Hightower, Countiss, Rivas-Molloy, Guerra, and Farris.

Date:  October 18, 2022